UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-2(c)**

LAW FIRM OF BRIAN W. HOFMEISTER, LLC
By: Brian W. Hofmeister, Esq.
3131 Princeton Pike
Building 5, Suite 110
Lawrenceville, New Jersey 08648
(609) 890-1500
(609) 8980-6961 - facsimile
bwh@hofmeisterfirm.com
Attorneys for EZ Auto Service, Inc,

**Order Filed on July 27, 2017
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

| In Re: | Case No.: 16-17936 |
|---|---|
| HENRY A. JACKSON | Chapter 11 |
| | Judge: Michael B. Kaplan |

### SECOND AMENDED ORDER MODIFYING ORDER GRANTING MOTION TO COMPEL SALE OF PROPERTY AND REQUIRING DEBTOR TO ASSUME CONTRACT

   The relief set forth on the following pages, numbered two (2) through two (2) is hereby **ORDERED**.

**DATED: July 27, 2017**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

(Page 2)
Debtor: Henry A Jackson
Case No: 16-17936
Caption of Order: Second Amended Order Modifying Order Granting Motion to Compel Sale of Property
and Requiring Debtor to Assume Contract

_____

THIS MATTER having been brought before the Court by Law Firm of Brian W. Hofmeister, LLC, attorneys for Movant, EZ Auto Service, Inc. (the "Movant") by way of Motion for an Order Modifying November 30, 2016 Order to Compel Sale of Property and Requiring Debtor to Assume or Reject Contract (the "Motion"); and notice of the Motion appearing appropriate under the circumstances; and the Court finding that the Motion was filed in in good faith; and for the reasons set forth on the record on November 9, 2016; and for other good cause shown:

IT IS HEREBY ORDERED:

1.      The Motion is GRANTED and the Debtor is hereby ordered to convey title to the Debtor's interest in real property located at 787 & 789 Monmouth Road, Cream Ridge, Plumsted Township, New Jersey (the "Property") in compliance with the terms and provisions of the Lease to Purchase Agreement executed by the Debtor and the Movant dated May 18, 2011 (the "Agreement").

2.      In the event that the Debtor does not comply with the terms of this Order and refuses to convey title to the Property to the Movant, the Movant is hereby permitted, on behalf of the Debtor, to execute any and all documents necessary to convey title to the Property to the Movant, consisted with the terms and conditions of the Agreement. The Movant shall have 120 days from the date of this Order to close title on the sale of the Property.

3.      The Debtor's request to reject the Lease to Purchase Agreement, dated May 18, 2011, is denied as not being in the best interest of the bankruptcy estate.

4.      This Court retains jurisdiction regarding any issues that may arise in connection with closing on the sale of the Property.

5.      The Motion is GRANTED and the November 30, 2016 Order be modified as follows: the sale of the "Property" shall be free and clear of any and all liens, claims and encumbrances, including any of the parties listed on the attached Exhibit "A", who hold a lien, claim or encumbrance against the Debtor's interest in the Property with the exception of the secured mortgage/liens of L.S. Riggins Oil Company, Wachovia Bank and The Bank and any unpaid real estate taxes.

6.      EZ Auto, Inc., Sikinder Ranu and/or their counsel, Seth A. Kurs, Esq., of the law firm of Rothstein, Mandell, Strohm, Halm and Kurs, PC, are hereby authorized to communicate directly with Select Portfolio Servicing, Inc. or their designee(s).