**Law Office of John C. Feggeler, LLC**
Attorney ID: 037961986
177 Main Street. P.O. Box 157
Matawan, NJ 07747
732-583-6700
Attorney for Debtor

---

| | |
|---|---|
| In the matter of: | **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** |
| HENRY A. JACKSON, | Chapter 11<br>Case No.: 16-17936-MBK |
| Debtor | **CERTIFICATION OF HENRY A. JACKSON** |

---

I, Henry A. Jackson, of full age, hereby certify to the following:

1. I am the debtor in this Chapter 11 Bankruptcy matter herein which was filed on or about April 25, 2016.

2. I submit this certification in opposition to the motion of my former counsel, Scott E. Kaplan, Esq., to compel payment of his administrative claim or convert my case to Chapter 7.

3. I am surprised and rather disappointed in Mr. Kaplan's motion.

4. During the course of his purported representation of me, I had several problems with the manner in which he acted as my counsel.

5. Foremost of my concerns was his consistent refusal to speak with me over the telephone. He insisted on using email as a mode of communication despite the fact that I repeated to him that I had problems using that format. I was oftentimes not informed as to whatever approach he purported to assume on my behalf. On one occasion, I was supposed to be part of a conference call with the Bankruptcy Court, yet was not informed by Mr. Kaplan, Esq. He told me that it was the Court's responsibility to connect me with the call. Furthermore,

1

I remember that much of the information and documents that Mr. Kaplan wanted from me were hand delivered to him yet he claimed that he did not receive them. There was a time when my accountant, Mark Engler, visited Mr. Kaplan's law office to resolve a problem with missing documents. I recall that counsel gave Mr. Engler my file to locate the allegedly missing documents in my presence. I remember Mr. Engler finding all of the "missing documents" including tax returns and insurance policies. The only other document that could not be found was a certain interim insurance policy. I recall that Mr. Engler telephoned the insurance company and asked for a copy of that interim policy. Incidentally, the insurance company stated that they previously faxed it on two (2) occasions to Mr. Kaplan's office and that they had verification in that regard.

6. There was an occasion when he did not include information regarding Earl Smith during a return date on a certain motion and I believe that the pertinent data (i.e. financial statements of Mr. Smith, and projections of future upgrades of my businesses, etc.) would have been helpful to my cause quite some time ago.

7. There was another time when my said accountant (i.e. who happens to be a former IRS agent), Mark Engler, wrote a certification for use in my case and provided it to Mr. Kaplan. However, Mr. Kaplan told me that he actually wrote the certification himself.

8. During a subsequent time frame, I reminded Mr. Kaplan that he needed to speak with me on the phone before filing documents electronically. It appears that he ignored my requests.

9. I also recall that Mr. Kaplan did not keep me apprised of creditor, E Z Auto Service, Inc.'s motion to compel sale of certain commercial property. There was an Order

entered on July 27, 2017 and I did not have awareness of that matter until it was brought to my attention by current counsel.

10. I remember that Mr. Kaplan filed a motion during the summer 2017 to be relieved as counsel during which he mischaracterized my behavior as being threatening towards him. He failed to reveal that he essentially demanded more money from me and I complained and otherwise expressed concerns to him about his style of representation. He never provided an itemized billing statement despite my requests for him to do so. He was erratic towards me.

11. All of my concerns have led me to change counsel and seek a resolution of my financial problems outside of the bankruptcy system. For Mr. Kaplan to represent himself as a creditor wanting to be paid within a Chapter 7 gives me the impression that counsel never had my best interests at heart.

12. My former counsel, as aforesaid, asserts that I did not object for his March 20, 2017 revised Order allowing for counsel fees in excess of $33,000.00. However, he fails to acknowledge that I was not aware of his application in advance of same being filed.

13. It is outrageous for Mr. Kaplan to allege that he "suspects" that I may be "intentionally" failing to abide by Chapter 11 guidelines. He fails to acknowledge that I proposed that he use Earl Smith as part of my strategy for formulating a viable Chapter 11 Plan. His neglect of my suggestions with information that I provided caused havoc with my case and have led me to seek a resolution outside of bankruptcy.

14. My former counsel is clearly on his own side, as he is trying to use information in his file for his own interests. He likewise refuses to acknowledge the viability of my plan to

3

have Earl Smith (i.e. a wealthy, long-time friend since childhood) to help me resolve my financial problems.

15.   The said counsel fails to reveal that I have only a few creditors (i.e. secured and IRS and NJ Division of Taxation as well as E Z Auto Service, Inc. who is trying to purchase my commercial property, and Mr. Kaplan, Esq.) and that it would be relatively easy to focus my efforts. He also is knowledgeable about Mark Engler yet fails to advise the Court that I have a strategy for resolving my tax problems as well.

16.   Concerning my dispute with E Z Auto Service, Inc., I remember that Mr. Kaplan, Esq. failed to assert that a fraud was perpetrated by my estranged sister when she was an agent of E Z Auto yet signed a contract now used by that creditor on my behalf without my prior knowledge. I believe that this problem could be used to challenge the viability of the recent orders for the sale of property to that creditor as well. I see that the Second Amended Order from EZ Auto was entered on July 27, 2017 and gave that creditor 120 days to purchase the subject property. After that deadline, a Third Amended Order was issued on December 1, 2017 (i.e. without benefit of a notice of motion to me or anyone), yet makes no mention of the already expired timeframe from the previous two (2) Orders. Again, if Mr. Kaplan, Esq. had appropriately represented my interests, I could have challenged the issuance of the Order of July 27, 2017 and the prior order concerning the sale as well.

17.   I thank the Court for reviewing the information contained in this certification and I oppose all aspects of Mr. Kaplan, Esq.'s motion and again request that my case be dismissed without conversion to Chapter 7.

I hereby certify that the above statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: 12/27/17

Henry A. Jackson